REED v. ATLANTIC & P. R. CO.[1]

(Circuit Court, S. D. New York. August 27, 1884.)

CIRCUIT COURTS—EFFECT OF DECISIONS IN OTHER CIRCUITS.

A decision in another circuit, in an action between two railroad companies, that the right of action for unpaid dividends due under a lease was in the lessor company, will be followed in an action by stockholders of that company against the lessee for an accounting of such dividends.

This was a suit by William Reed against the Atlantic & Pacific Railroad Company to recover dividends alleged to be due from the latter company to the plaintiff as a stockholder in the Pacific Railroad Company, under the terms of a lease made by the Pacific Company to the defendant.

Edward L. Andrews, for plaintiff.

John E. Burrill, for defendant.

WALLACE, Circuit Judge. I should incline to the opinion, were it not for the decision of the circuit court for the district of Massachusetts, that the plaintiff, as one of the stockholders of the Pacific Railroad, could maintain this action, and that its directors were not his agents, or the agents of the stockholders generally or of the corporation, in accepting a surrender of the lease made by the corporation to the defendant. It would seem that, by the lease of all its property to the defendant for 999 years, with a power to mortgage, the Pacific Railroad practically abdicated all its functions, dissolved its relations with its stockholders, and constituted its stockholders creditors of the defendant. By the terms of the lease, it was to maintain its corporate organization in the interests of the defendant, and was also to retain sufficient vitality to re-enter and take possession of the demised property, in case the interest to its bondholders, or dividends to its stockholders, were not paid by the defendant according to the covenants. For all practical purposes, the corporation was as defunct as anything short of a judgment of dissolution could make it, and this was the result contemplated by all the parties to the lease. If its directors had accepted a surrender under circumstances which, in any conceivable way, could have inured to the interests of its stockholders or creditors, their action might be deemed as equivalent to exercising the power of re-entry. But in the suit brought in the name of the corporation against the defendant to recover, among other things, the dividends due stockholders under the lease, it was decided, by a court of co-ordinate jurisdiction with this, that the cause of action was in the corporation, and not in the individual stockholders. Pacific R. R. v. Atlantic & P. R. Co., 20 Fed. 277. That decision is entitled to great respect. Upon the case in the form in which it was there presented, the conclusion reached by the court

---

[1] This case has been heretofore reported in 22 Blatchf. 469, and is now published in this series, so as to include therein all circuit and district court cases elsewhere reported which have been inadvertently omitted from the Federal Reporter or the Federal Cases.

seems reasonable and sound. It is certainly desirable that the rights of all the stockholders, and the liability of the defendant to them, be settled in one controversy, and it may well be considered that the corporation retains sufficient life to represent its stockholders in such a suit. In any view, it would be unseemly for this court, in a suit upon the same lease, brought by one of the stockholders, to recover part of the same dividends, to hold the contrary. Such a decision might result in two judgments against the defendants, in different jurisdictions, for the dividends. "Under such circumstances," as was well said by Emmons, J., in Vulcanite Co. v. Willis, 1 Ban. & A. 573, Fed. Cas. No. 5,603, "every suggestion of propriety and fit public action demands" that the decision of the co-ordinate tribunal "be followed until modified by the appellate court." Judgment is ordered for the defendant.